MS-4088
**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD P.A.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07601-0800
(201) 489-3000
(201) 489-1536 Telecopier
Attorneys for Charles M. Forman, Esq.
Chapter 7 Trustee

|  |  |
|---|---|
| In the Matter of:<br><br>NEW JERSEY AFFORDABLE HOMES CORP.,<br><br>Debtor. | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY CASE NO. 05-60442 (RG)<br><br>Chapter 7<br><br>**AFFIDAVIT OF MICHAEL D. SIROTA, ESQ., PURSUANT TO SECTIONS 327, 329 AND 504 OF THE BANKRUPTCY CODE AND DISCLOSURE PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(a) AND 2016(b)** |

STATE OF NEW JERSEY    )
                                            ) ss.
COUNTY OF BERGEN      )

  MICHAEL D. SIROTA, of full age, being duly sworn according to law, upon his oath,

deposes and states:

  1. I am an attorney-at-law of the State of New Jersey and am a member of Cole,

Schotz, Meisel, Forman & Leonard P.A. ("Cole Schotz"). I submit this Affidavit pursuant to

43078/0001-1412840v2

Sections 327, 329 and 504 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a) and 2016(b) in support of the Petition of Charles M. Forman, Esq., the within Chapter 7 trustee (the "Trustee") of the estate of New Jersey Affordable Homes Corp. (the "Debtor"), for an Order approving the Trustee's retention of Cole Schotz as his special litigation counsel in this Chapter 7 proceeding.

      2.      The legal services that Cole Schotz will provide on the Trustee's behalf include, but are not limited to, the following:

      (a)      assisting and advising the Trustee in his investigation of claims he may have against various parties, including but not limited to claims against non-Debtor affiliates and co-conspirators in a Ponzi-style fraud the Debtor perpetrated on investors that is described in the Verified Complaint the Securities and Exchange Commission filed against the Debtor and its former principal on September 12, 2005 (the "SEC Action"), and such other litigation matters the Trustee may delegate to Cole Schotz (collectively, the "Litigation Matters");

      (b)      providing the Trustee with legal advice regarding his rights, duties and powers regarding the Litigation Matters;

      (c)      preparing complaints, pleadings, motions, applications, objections and other papers as may be necessary in furtherance of the Trustee's interests and objectives with respect to the Litigation Matters;

      (d)      analyzing and advising the Trustee of the meaning and import of all pleadings and other documents filed in this (or any other) Court with respect to the Litigation Matters;

      (e)      representing the Trustee at all hearings and other proceedings with respect to the Litigation Matters; and

    (f) performing such other legal services for the Trustee that may be necessary herein.

  3. In connection with its retention in this matter, Cole Schotz will submit detailed statements to the Court setting forth the services rendered as the Trustee's special litigation counsel, seeking compensation and reimbursement of expenses. It is contemplated that Cole Schotz will be compensated for the services described herein at its ordinary billing rates and in accordance with its customary billing practices with respect to its out-of-pocket expenses, all pursuant to the provisions of the Bankruptcy Code and Federal and Local Rules of Bankruptcy Procedure, and subject to this Court's approval.

  4. Cole Schotz will be rendering services on an hourly basis. The rates of those attorneys and professionals most likely to render services in this matter are: Michael D. Sirota (Partner), $515.00 per hour; Gerald H. Gline (Partner), $500.00 per hour; Stuart Komrower (Partner), $425.00 per hour; Ilana Volkov (Partner), $390.00 per hour; Warren A. Usatine (Partner), $375.00 per hour; Kenneth L. Baum (Partner), $340.00 per hour; Jeffrey M. Traurig (Associate), $280.00 per hour; Mark J. Politan (Associate), $260.00 per hour; Kristin S. Elliott (Associate), $225.00 per hour; Gia G. Incardone (Associate), $185.00 per hour; Felice R. Singer (Associate), $165.00 per hour; Frances Pisano (Paralegal), $150.00 per hour; and Cynthia Braden (Paralegal), $150.00 per hour. These rates are subject to periodic review and adjustment. To the extent the services of other partners, associates and staff of the firm are utilized, their hourly billing rates will be consistent with the rates of those listed above who have similar experience and seniority.

  5. In preparing this Affidavit, I used a set of procedures developed by Cole Schotz to insure full compliance with the requirements of the Bankruptcy Code and the Federal and Local

Rules of the Bankruptcy Procedure regarding the retention of professionals by a trustee under the Bankruptcy Code (the "Retention Procedures"). Pursuant to the Retention Procedures, and under my direction and supervision, Cole Schotz performed a conflict of interest search to identify any actual or potential conflicts of interest. The Retention Procedures included:

(a) Cole Schotz compiled a listing of all presently known creditors, insiders and affiliates of the Debtor and other entities that potentially possess claims or adverse interests against the Debtor (the "Master Conflicts List");

(b) Cole Schotz maintains a data base of current and former clients and related information that has been collected (the "Data Base"). Cole Schotz then: (i) searched the Data Base and compiled a list of those entities for which Cole Schotz attorney fees were billed during at least the past ten (10) years (the "Client List"); and (ii) circulated, via e-mail, to every attorney in the office the Master Conflicts List to inquire as to potential conflicts or connections that might not be uncovered through the Data Base;

(c) Cole Schotz compared the names of the entities identified in the Master Conflicts List with the names in its Data Base, the Client List and the responses from the attorney e-mail solicitation to identify potential matches, and to determine whether those matches are current clients;

(d) Based on the result of that search and by making general and, when applicable, specific inquiries of Cole Schotz personnel, insofar as I have been able to ascertain after diligent inquiry, neither I, nor Cole Schotz, nor any member or associate of the firm has any connection with the Trustee, the Debtor, its creditors or any other party-in-interest, except as follows:

43078/0001-1412840v2

(i) On or about September 27, 2005, Cole Schotz was retained as special counsel by the Hon. Nicholas H. Politan (the "Receiver"), who was appointed to act as the Receiver for the Debtor in the SEC Action. As special counsel to the Receiver, Cole Schotz implemented an investigation of, <u>inter alia</u>, the identity and nature of the Debtor's legal interests and assets, the identity and inter-relationship of the Debtor's affiliates in whose property the Debtor may hold an interest, the identity and extent of claims and claimants against the Debtor's estate, and potential third-party causes of action. In connection with its representation of the Receiver, Cole Schotz applied for fees and expenses in the receivership proceedings and was awarded the sum of $94,969.75 in fees and $13,089.59 in expenses by the United States District Court for the District of New Jersey. Through November 18, 2005, Cole Schotz has incurred additional fees and expenses on behalf of the Receiver in the approximate amount of $30,000.00 above the amounts awarded in the receivership action. It is Cole Schotz's understanding that the Receiver will include such additional fees and expenses in the claim he intends to file against the Debtor's estate.

(ii) Cole Schotz presently represents Peter J. Salzano in a voluntary Chapter 11 proceeding Mr. Salzano filed in this Court on January 17, 2005. Mr. Salzano is the former President and Chief Executive Officer of NorVergence, Inc. ("NorVergence"), a Chapter 7 debtor whose case also is pending in this Court. The Trustee also serves as the Chapter 7 trustee of NorVergence, and he may assert claims against Mr. Salzano in that capacity which Cole Schotz will defend. Cole Schotz does not perceive that its representation of Mr. Salzano in matters potentially adverse to the Trustee in an unrelated Chapter 7 proceeding creates a conflict in its representation of the Trustee as special litigation counsel in this matter.

5

43078/0001-1412840v2

(iii)    Cole Schotz presently represents the American Protection Insurance Company ("AMPICO") in the case of In re Omne Staffing, Inc., et al., Case No. 04-22316 (RG).  The Trustee is the Chapter 11 trustee for the Omne Staffing debtors, and AMPICO has, during the course of that case, taken positions that are potentially adverse to the Trustee's.  Cole Schotz also represented The Lilli Group, Inc. in an adversary proceeding the Trustee filed against The Lilli Group, Inc. in his capacity as the Chapter 11 trustee for the Omne Staffing debtors.  That adversary proceeding, Adv. Pro. No. 04-2916, was settled on or about March 15, 2005.  Cole Schotz does not perceive that its representation of AMPICO and The Lilli Group in unrelated matters creates a conflict in its representation of the Trustee as special litigation counsel in this matter.

(iv)    Cole Schotz presently represents Lee Products Co. in defending an adversary proceeding brought by the Trustee in his capacity as the Chapter 7 trustee in the case of In re M Liquidating Corporation, Case No. 03-49338 (NLW).  Cole Schotz does not perceive that its representation of Lee Products Co. in an unrelated matter creates a conflict in its representation of the Trustee as special litigation counsel in this matter.

(v)    Cole Schotz recently represented two parties in defending adversary proceedings brought by the Trustee in his capacity as the Chapter 7 trustee in the case of In re Meridian Benefit, Inc., Case No. 03-26172 (DHS).  One matter was Adv. Pro. No. 05-1386 wherein our client was Alta Services.  The other matter was Adv. Pro. No. 05-1387 wherein our client was Consumer Health Network.  Both matters have been resolved, and the Trustee has voluntary dismissed each adversary proceeding.

(vi)    Cole Schotz represented Nassor Electrical Supply Co., Inc. in connection with an adversary proceeding the Trustee filed in his capacity as the Chapter 7 trustee

6

in the case <u>In re Edwards Engineering Corp.</u>, Case No. 03-31940 (NLW). That adversary proceeding, Adv. Pro. No. 05-1322, has been settled and was voluntarily dismissed on or about July 19, 2005.

        (vii)    Cole Schotz formerly represented one or more clients in defending adversary proceedings brought by the Trustee in his capacity as the Chapter 7 trustee in the following cases: <u>In re Howard Handler, Heart Tech, Inc. and Products for Health Care, Inc.</u>, Case Nos. 97-43851 through 97-43853 (WFT); and <u>In re Upsala College</u>, Case No. 95-24929 (NLW). All such adversary proceedings were resolved and have been closed. Cole Schotz does not perceive that its former representation of various clients in such unrelated matters creates a conflict in its representation of the Trustee as special litigation counsel in this matter.

6.    Under Third Circuit precedent including, but not limited to, <u>In re Marvel Entertainment Group</u>, 140 F.3d 463 (3d Cir. 1998), Cole Schotz does not believe that either (a) its prior representation of the Receiver, or (b) its ongoing and former representation of other clients in matters adverse to the Trustee that are wholly unrelated to the Debtor, disqualifies it from being retained by the Trustee in this Chapter 7 proceeding. Accordingly, Cole Schotz does not hold or represent any interests adverse to the Debtor, its creditors or the estate in this matter, and is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code in that Cole Schotz, its partners, special counsel and associates:

    a)    are not creditors or insiders of the Debtor; and

    b)    except for its representation of the Receiver as special counsel in the SEC Action, have not represented any parties in connection with matters relating in any way to the Debtor.

7

43078/0001-1412840v2

7. Cole Schotz intends to continue its ongoing conflict search if and when additional creditors and parties-in-interest are known, in an expedient manner. If any new, relevant facts or relationships are discovered or arise, Cole Schotz shall file and serve a Supplemental Affidavit promptly.

8. Pursuant to Section 504 of the Bankruptcy Code, no agreement or understanding exists between Cole Schotz or any other person to share any compensation or reimbursement of expenses to be paid to Cole Schotz in this proceeding.

9. To the best of my knowledge at this time, Cole Schotz has no connection with the Trustee, the Debtor, its creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee other than as previously mentioned.

*/s/ Michael D. Sirota*
Michael D. Sirota

Sworn to before me this 23rd
day of November, 2005

*/s/    Frances Pisano*
Frances Pisano
Notary Public, State of New Jersey
Commission expires: 12/2/08

8

43078/0001-1412840v2