UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

---

John J. Scura II, Esquire     JJS-7016  :
SCURA, MEALEY, SCURA & STACK, LLP  :
1599 HAMBURG TURNPIKE  :
WAYNE, NJ 07470  :
Telephone: 973-696-8391  :
Facsimile: 973-696-8671  :
Attorneys for the Objecting Creditor  :
   :  Chapter 7
   :  Case No. 05-60442 (RG)
In re:  :
   :
NJ AFFORDABLE HOMES CORP.,  :
   :
          Debtor.  :

---

## LIMITED OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION TO SELL

John J. Scura II, Esquire representing, Anthony Osbon by way of Objection to the Trustee's Motion states the following:

1. I am the attorney for Anthony Osbon in connection with the above matter who has over $4,000,000 invested with this debtor and has mortgages on different properties..

2. The Trustee is attempting to sell approximately 390 properties owned by the debtor or, its affiliates, or putative owners.

3. The creditor, Anthony Osbon is not objecting to the sale or the authority of the Trustee to sell the properties.

4. The creditor, Anthony Osbon does have a problem with the Application because it appears uncertain as to what will happen once the properties are sold as to the proceeds of sale after the sale expenses and the Trustee expenses are paid.

5. It is unclear how the Trustee alleges in paragraph 83 of his Application that ". . .as a consequence of the Debtor's fraudulent and unlawful activities, all putative mortgage interest reflected in Exhibit D, and all putative ownership interests reflected in Exhibit C are subject to bona fide dispute". In paragraph 84 the Trustee goes on to submit ". . . as evidenced by the District Court Order and the Amended PIO, all putative non-debtor mortgage and title owners could be compelled to accept a money satisfaction of their interests, if any."

6. On this point the creditor, Anthony Osbon has a mortgage on property number 216 listed in the Trustee's schedules in the amount of $206, 500.00. See Exhibit A (Search) attached and see Exhibit B, (a copy of the mortgage) attached. This particular property appears to be approximately 23 acres and is possibly reasonably suited for residential development. The value may exceed the mortgages.

7. Although this is not the time to be determining whether or not this is a valid mortgage the concerns that this creditor has is whether or not once this property is sold, the creditor, Anthony Osbon would be able to have the extent and validity of this mortgage determined by this Honorable Court. If it is the Trustee's intent to have this mortgage treated and assumed to be of no value or not a lien, the creditor would object on the basis that there is no authority under the Bankruptcy Code to do this. Clearly this lien should attach to the proceeds of sale and it be presumed valid until a hearing is held and the creditor has an opportunity to prove its validity.

8. Although in the proposed Order in paragraph "10 d" there is wording that states " … to attach to the net proceeds of the sale in the order of their priority, with the same validity, force and effect that they now have or as otherwise directed by the Court", it is unclear as to exactly what procedure would be followed. It would appear that the theme of the Application is for the creation of ultimately a general pot of net proceeds and that the

mortgages of these different investors that were bargained for will be treated as a nullity. The expressed authority a Trustee would have under 11 U.S.C. §363 is to have liens attach to the proceeds. The creditor is concerned that if he did not file the objection it would be presumed he consented to the sale in its present format. See In re Elliot, 94 B.R. 343 (E.D.Pa.1988); and In re Gabel, Bkrtcy, 61 B.R. 661 (W.D.La.1985).

       9.       Finally on this point in determining whether the creditor in this case has a valid mortgage or not, it is clearly state law that applies. See In re Bollinger Corp., 614 F.2d 924, 925 n. 1 (3d Cir.1980).

       10.       Another issue in the proposed motion that creates a problem which the creditor clearly and strongly objects to is that secured creditors by the proposed Order are prevented from using § 363(k) which allows the secured creditor a credit bid at the sale. In a very recent 3rd Circuit decision of In re Submicron Systems Corporation 432 F.3d 448 (3d Cir. 2006), the Court recognized the propriety of a § 363 credit bid and the Court also determined that it is the balance owed on the mortgage that is used in determining what a creditor can use as part of the credit bid. The Court on page 10 of the opinion gives a hypothetical that is illustrative of the concept. Based on the strengthen of this case, this creditor, if he elects to do so, should be able to bid and get a credit for the amount of his mortgage on the property listed above and also should have that option on some of the other properties that he has mortgage on.

       11.       The Trustee in requesting the extraordinary relief of preventing mortgagee from using the credit bid are being denied what is specifically provided for under the Bankruptcy Code. Again the Trustee provides no authority for his ability to be able to do this.

It is therefore respectfully submitted that until the issues of the validity of the mortgage and preventing credit bidding are clarified this creditor has no alternative but to pursue this objection.

        Respectfully submitted,

        Scura, Mealey, Scura & Stack, LLP
        Attorney's for the Creditor


BY:    /s/ John J. Scura II
        John J. Scura II