LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP

PLAZA 1000 · SUITE 500

MAIN STREET

VOORHEES, NEW JERSEY 08043-4636

856-761-3400

FAX: 856-761-1020

WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA

BALTIMORE, MD

DENVER, CO

SALT LAKE CITY, UT

WASHINGTON, DC

WILMINGTON, DE

PARTNER RESPONSIBLE FOR
VOORHEES, NJ PRACTICE
BENJAMIN A. LEVIN

DEAN C. WALDT
DIRECT DIAL: 856-761-3450
PERSONAL FAX: 856-761-9002
WALDTD@BALLARDSPAHR.COM

May 26, 2006

**Via E-mail and Electronic Filing**

The Honorable Donald H. Steckroth
United States Bankruptcy Judge
United States Bankruptcy Court, District of New Jersey
Martin Luther King Federal Building and Courthouse
Third Floor, 50 Walnut Street
Post Office Box 1352
Newark, NJ 07101-1352

> Re:    In re: NJ Affordable Homes Corp.
>          Chapter 7, Case No. 05-60442
>          United States Bankruptcy Court, District of New Jersey
>          FINAL HEARING ON TRUSTEE'S MOTION TO SELL NON-DEBTOR
>          PROPERTIES-MAY 31, 2006, 10:00 A.M.

Dear Judge Steckroth:

This firm represents Countrywide Home Loans, LLC ("Countrywide"), an institutional lender with perfected recorded mortgage liens on certain parcels of real property owned by entities other than the Debtor which the Trustee seeks to sell pursuant to a Motion filed under Section 363 of the Bankruptcy Code (the "Trustee's Motion") pursuant to a Supplemental Sale Order. Your Honor will consider the Trustee's Motion and numerous objections thereto at a hearing presently scheduled for Wednesday, May 31, 2006 at 10:00 a.m. In support of the Trustee's Motion, counsel for the Trustee forwarded a letter to Your Honor dated May 25, 2006, after the deadline for objecting parties to make submissions to the Court with respect to this matter. Since the Trustee's unsolicited correspondence to the Court raises new procedural and substantive issues, it is respectfully requested that the Court consider this brief response.

The Honorable Donald H. Steckroth
May 26, 2006
Page 2

## AGENDA FOR THE HEARING

The May 25th letter from Trustee's counsel seeks to unilaterally set the agenda before the Court for the hearing on May 31st and reserve the podium for the Trustee. Countrywide respectfully objects to this procedure,  The relief being sought by the Trustee is extraordinary and the procedure utilized by the Trustee is not only unorthodox but also, Countrywide submits, fatally defective.  All parties should have a full and fair opportunity to be heard with respect to their objections.  It is disingenuous and unrealistic to treat the May 31st hearing as a venue solely for the Trustee's arguments.  The Court granted leave for interested parties to file Supplemental Objections to the proposed Supplemental Sale Order, and those Objections should have a voice at the May 31st hearing.

Similarly, counsel for the Trustee attempts to control the agenda for the May 31st hearing by requesting the Court to limit each objecting party to argument by one attorney.  The Trustee is well aware that over the past few weeks title insurance companies have now appointed defense counsel to represent institutional lenders with regard to those properties as to which these title insurance companies have issued policies.  Obviously, since there are numerous title insurance companies involved, each institutional lender may have insurance defense counsel appointed with respect to some of the properties on which it holds a mortgage lien, but not all of them.  For example, in the case of Countrywide, objections to the Supplemental Sale Order have been filed by the undersigned, as counsel for Countrywide, and by two other firms as insurance defense counsel related to some but not all of the properties on which Countrywide holds a mortgage lien.  Each counsel is objecting to the relief sought in the Trustee's Motion with respect to different properties, albeit on behalf of the same client.

As in prior hearings, counsel for the institutional lenders will coordinate among themselves prior to the hearing and make every effort to avoid duplicative arguments.  However, it is inappropriate for Trustee's counsel to suggest that insurance defense counsel appointed by title insurance companies who have a substantial and genuine financial stake in the outcome of the May 31st hearing should be silenced.

We have every confidence that the Court will provide for full and fair argument with respect to the issues before it on May 31st.  In that regard, the consideration of the Court is greatly appreciated.

## TREATMENT OF CERTIFICATIONS
## SUBMITTED BY INSTITUTIONAL LENDERS IN SUPPORT OF OBJECTIONS

Counsel for the Trustee continues to take the position that certifications filed by various institutional lenders in support of their Objections cannot be considered by the Court.

However, the Court is aware that Federal Rule of Civil Procedure 43(e), Federal Rule of Bankruptcy Procedure 9017 and Local Bankruptcy Rule 9013-1(e) all permit and favor testimony by certification in motion practice.  The Trustee has offered no basis on which these certifications should not be relied upon by the Court.

The Honorable Donald H. Steckroth
May 26, 2006
Page 3

In any event, the Trustee's objections to use of the certifications is somewhat irrelevant, since the content of the certifications merely addresses the mortgage liens held by the institutional lenders. That issue is not an issue before the Court in the context of the May 31st hearing. In the pending Motion, the Trustee seeks a determination that non-debtor properties are property of the estate in order to permit the sale of those properties over the objection of property owners and/or mortgagees on such properties. The determination of whether the Court will find these non-debtor properties to be property of the estate based upon the evidentiary record presented by the Trustee in support of the Trustee's motion does not require a determination with regard to the existence, extent and validity of mortgage liens.

In the case of Countrywide, its certification was filed with the Court merely to establish its standing in this matter based on the fact that Countrywide is the holder and/or servicer of valid, recorded mortgage liens on the subject non-debtor properties that the Trustee seeks to sell and to indicate that Countrywide acquired its position in arm's length transactions in the secondary mortgage market for full and fair consideration in good faith. The Trustee has presented no evidence to the contrary.

Furthermore, despite counsel for the Trustee's often repeated incorrect statements on this issue, it is not the burden of Countrywide to "prove up its liens" or have those liens disregarded by the Court. The burden of proof on this issue squarely rests with the Trustee, who must establish that the properties at issue are property of the estate <u>before</u> <u>the</u> Court <u>even</u> <u>has</u> <u>jurisdiction</u> to consider the existence, extent and validity of the mortgage liens, when and if that issue is ever placed before the Court.

Accordingly, we ask that the Trustee's objection to consideration of the certification filed by Countrywide in support of its Objection be overruled.

<u>TRUSTEE'S REPORT ON OBJECTIONS</u>

In his May 25th letter to the Court, counsel for the Trustee reports that record owners of some properties have not objected to the Supplemental Sale Order, while others have objected. The implication of this report seems to be a reiteration of the often-repeated position of the Trustee that "silence gives consent" and that the failure to object on behalf of a property owner is enough to allow the Court to sell non-debtor property without further findings based on the record.

This position is simply incorrect as a matter of law. Even if the Court adopted the "silence gives consent" mantra repeated by the Trustee, the Court must still make a determination that the properties to be sold constitute property of the estate pursuant to Section 541 of the Bankruptcy Code based upon the record presented by the Trustee in support of the Trustee's Motion in order to assert jurisdiction to approve the sale of the properties under Section 363 of the Bankruptcy Code. Without such a finding, the Court has no jurisdiction to act.

The Honorable Donald H. Steckroth
May 26, 2006
Page 4

Were it otherwise, the Trustee could simply obtain a map of Newark or any other New Jersey municipality and pick addresses at random of properties it would like to sell for the benefit of the estate. Notice could be sent the property owners and, if they failed to respond, the Trustee would be free to obtain a Bankruptcy Court order requiring their sale. Although this example sounds ridiculous, it is exactly the position taken by the Trustee in this case. The example is exactly on point, since the Trustee has provided no more evidence to the Court that it has an ownership interest in the non-debtor properties to be sold pursuant to the Supplemental Sale Order than it has that it owns randomly selected properties from a New Jersey street map. In both cases, the evidence presented to the Court to support a finding that these properties are properties of the estate is <u>exactly zero</u>.

## SUPPLEMENTAL LEGAL ARGUMENT

The Trustee has presented supplemental legal argument to the Court in his May 25th letter to which Countrywide has not had an opportunity to respond. With the indulgence of the Court, we would like to respond briefly in this letter memorandum.

The Trustee cites the case of *Fortune & Faal v. Zumbrum (In re Zumbrum)*, 88 B.R. 250, 252 (9th Cir. B.A.P. 1988) for the proposition that a contested motion is the equivalent of an adversary proceeding. However, the *Zumbrum* case does not stand for this proposition. In *Zumbrum*, the appellant was a law firm subject to a motion for sanctions for willful violation of the automatic stay. The law firm argued that failure to file an adversary proceeding under Rule 7001 deprived it of proper notice and therefore was a procedural due process violation. In response to this argument, the Court held that service of a contested motion under Rule 9014 provided sufficient notice for due process purposes. The Court further held that since a motion for sanctions for violating the automatic stay is not listed in Rule 7001 as the mandatory subject of an adversary proceeding, the appellant's argument would be rejected. In contrast, the Trustee in this case seeks relief against non-debtor parties in the form of a court-ordered sale of non-debtor property based upon an allegation that such properties constitute property of the estate. Such an action is the subject of a mandatory adversary proceeding filing pursuant to Rule 7001(2).

The Trustee cites the case of *Mullane v. Central Hanover Bank & Trust Company* (333 U.S. 309, 314-315 (1950)) for the proposition that any "reasonable" procedure constitutes due process. To the contrary, the holding by the United States Supreme Court in *Mullane* was that publication notice without actual notice to known claimants under a common fund did not afford due process rights. The *Mullane* case is inapposite on the point for which it is cited by Trustee's counsel.

Counsel for the Trustee cites *In re Stevens*, 307 B.R. 124 (Bankr. E.D.Ark. 2004) as an example of a case in which the issue of the validity of a lien is adjudicated within the context of a motion in which that issue is necessarily relevant, specifically a motion to incur post-petition debt in the *Stevens* case. The *Stevens* court held that the issue of whether an alleged lien on property of the estate was properly perfected so as to prevent the attachment of a post-

The Honorable Donald H. Steckroth
May 26, 2006
Page 5

petition lien on the property at issue could be determined within the context of the motion to allow the post-petition lien.

There is a key reason why the *Stevens* case is inapplicable to the matters presently before the Court in the context of the Trustee's Motion. In *Stevens*, there was no contest as to whether the property on which the disputed lien was asserted was property of the estate. Here, the property of the estate issue is at the core of this matter.

The jurisdiction of bankruptcy courts is grounded in and limited by statute. *Cellotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). As noted in *Saul Ewing Remick & Saul v. Provident Savings Bank*, 190 B.R. 771 (D.Del. 1996), even the "related to jurisdiction" for non-core matters referred to in 28 U.S.C. §157(c) rests upon an initial judicial determination that the property before the Court is part of the bankruptcy estate. *Id.* at 775. The defendant in the *Saul Ewing* case argued that the court can always exercise jurisdiction to determine the validity, extent and priority of liens because that matter is listed as a core proceeding under 28 U.S.C. §157(b)(2)(K). The court recognized this argument as circular in nature and dismissed it out of hand. The court held that Section 157(b) "merely lists types of proceedings appropriate for resolution under a District Court's Section 1334 jurisdictional grant". *Id.* at 777. 28 U.S.C. §1334(e) vests in the District Court exclusive jurisdiction over property of the estate. Absent an initial determination that the property at issue is property of the estate, there is no jurisdiction to determine the validity of liens or any other matter related to that property. The District Court in *Saul Ewing* respectfully disagreed and reversed the contrary ruling of Judge Wizmur in the Bankruptcy Court below on this issue.

A case more analogous to the case presently before the Court is *In re Tecon Realty Corp.*, 54 B.R. 721 (N.D.Texas 1985). In *Tecon*, the debtor sought to sell property titled in a related non-debtor entity. In refusing to exercise jurisdiction with respect to the sale of non-debtor property, the court stated that: "This court exists to adjudicate disputes arising in conjunction with the administration of an estate in bankruptcy between parties-in-interest and concerning property of the estate and claims against it. . .This court retains the ability, indeed the duty, to examine its jurisdiction over a matter at any time *sua sponte*. . .That the parties have agreed to jurisdiction whether by stipulation or 'withdrawal'" is immaterial. *Id.* at 724.

The Trustee's citation and extensive use of *Darby v. Zimmerman (In re Popp)*, 323 B.R. 260 (9th Cir. B.A.P. 2005), is similarly misguided. Trustee cites the *Popp* case for the proposition that the issue of whether property constitutes property of the estate can be decided within the context of a sale motion under Section 363 of the Bankruptcy Code. However, the Trustee has lifted *dicta* out of the case and the actual holding of the case is to the contrary.

In *Popp*, the court had before it "convoluted evidence" regarding a complex partnership structure with competing claims to ownership over the property to be sold. The ownership of the property was the subject matter of a pending adversary proceeding. Ignoring this fact, the Bankruptcy Court proceeded to approve the sale of the property within the context of a 363 motion, merely making a finding that the bankruptcy estate "had some interest in the property". The Bankruptcy Appellate Panel reversed the Bankruptcy Court and held that the sale

The Honorable Donald H. Steckroth
May 26, 2006
Page 6

was improperly approved, since the property of the estate issue should have been resolved within
the context of the adversary proceeding. *Id.* at 270.

      The Trustee also relies upon *Warnick v. Yassian (In re Rodeo Canons
Development Corp.),* 362 F.3d 603 (9th Cir. 2004), a case which provides the basis for the *Popp*
decision. However, the *Rodeo* case also involves the reversal of a bankruptcy court decision to
permit a sale under Section 363 of the Bankruptcy Code of property which had not been
determined to be property of the estate and was the subject of a pending adversary proceeding.
Indeed, the *Rodeo* court held as follows:

> The question whether the Property was property of the estate
> unavoidably rested on the question of equitable ownership. The
> Bankruptcy Court prematurely concluded that the Property was
> property of the estate without deciding the ownership question.
> The sale was therefore not authorized by law.

362 F.3d at 610.

      While the May 25th letter from Trustee's counsel correctly states that neither
*Rodeo* or *Popp* explicitly require a property of the estate determination to be made exclusively
within the context of an adversary proceeding, the absence of such a holding does not support an
argument in its favor. Indeed, the Trustee can pick any case which fails to stand for this
proposition and argue that the silence of the case on that topic lends support to its argument.
This is an argument based on nothing, which fails the basic test of logic and should be
disregarded by the Court.

      Of course, the issue of proper procedure for determining if the non-debtor
properties at issue in this case need not even be reached by the Court, in light of the complete
lack of evidence presented by the Trustee within the present procedural context. Even assuming,
*arguendo*, that the issue of property of the estate can be procedurally dealt with within the
context of the Trustee's Motion, which Countrywide strongly disputes, the Trustee has taken not
one step forward in proving his case on this issue.

      If the Trustee was convinced that the Trustee's Motion was the proper procedural
context within which the Court should consider the property of the estate issue, he was free to
put on whatever evidence he wished in support of his contention that the properties on which
Countrywide holds a valid mortgage lien constitute property of the estate. The Trustee has
presented <u>no competent evidence on this point</u>. There is not one piece of testimony nor one
document admitted into evidence nor anything else before the Court upon which the Court can
rely to make a judicial determination that properties owned by, titled in, mortgaged by and paid
for by non-debtor third parties on which Countrywide has a recorded mortgage lien can be sold
in this bankruptcy case based on a determination that such properties are property of the estate.
Without that determination, this Court has no jurisdiction to approve the Trustee's Motion.

The Honorable Donald H. Steckroth
May 26, 2006
Page 7

In short, the Trustee has been barreling at high speed toward the terminus of a dead end street. Trustee's counsel indicated on several occasions and with great emphasis that "the record in this case is closed". Countrywide agrees that the record is closed. Countrywide also respectfully points out that the record is non-existent.

As stated in Countrywide's Objection to the Supplemental Sale Order, the Trustee had many other options open to him but failed to consider and pursue those options. Countrywide agrees that the issue of ownership of and the validity of liens with regard to non-debtor properties which may have been involved in the NJAH fraudulent scheme that was alleged in the SEC Complaint must be explored and properly presented for a judicial determination. This is properly done within the context of an adversary proceeding. Countrywide continues to be available for and indeed encourages the participation of the Trustee in such an action so that jurisdiction can be established for a proper judicial determination on the key issue of "who owns what".

The consideration of the Court of this supplemental submission is appreciated. If the Court has any questions or requires anything further prior to the hearing on May 31, 2006, undersigned counsel is available at the convenience of the Court.

Respectfully submitted,

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
Attorneys for Countrywide Home Loans, LLC

/s/Dean C. Waldt

Dean C. Waldt

DCW/dls
cc:     All Counsel (by electronic filing)

DMEAST #9537157 v1