UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH   (973) 645-4693
BANKRUPTCY JUDGE   Fax: (973) 645-2606

**NOT FOR PUBLICATION**

> **FILED**
> JAMES J. WALDRON, CLERK
>
> **JULY 19, 2006**
>
> U.S. BANKRUPTCY COURT
> NEWARK, N.J.
> BY: s/ Ronnie Plasner , DEPUTY

July 19, 2006

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

| | |
|---|---|
| Cole, Schotz, Meisel, Forman & Leonard<br>Stuart Komrower, Esq.<br>25 Main Street<br>Hackensack, NJ 07602-0800<br>***Counsel for Nicholas H. Politan, Esq.,***<br>***Receiver for NJ Affordable Homes Corp.*** | Porzio, Bromberg & Newman<br>John S. Mairo, Esq.<br>100 Southgate Parkway<br>Morristown, NJ 07960<br>***Counsel for GreenPoint Mortgage Funding,***<br>***Inc. and MortgageIT, Inc.*** |
| Christopher J. Christie, Esq.<br>United States Attorney<br>Beatriz T. Saiz, Esq.<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 227<br>Washington, DC 20044<br>***Counsel for the United States of America*** | Forman Holt & Eliades, LLC<br>Michael E. Holt, Esq.<br>218 Route 17 North<br>Rochelle Park, NJ 07662<br>***Counsel for Charles M. Forman,***<br>***Chapter 7 Trustee*** |

Re:   **NJ Affordable Homes Corp.**
       **Case No. 05-60442   (DHS)**

Page 2
July 19, 2006

Dear Counsel:

Before the Court is a motion filed by the United States seeking reconsideration of this Court's June 13, 2006 and June 14, 2006 Orders (hereinafter "Reconsideration Motion"). Specifically, the United States requests that the Court reconsider: (1) the Order Granting in Part and Denying in Part Trustee's Motion for an Order Authorizing Release of Funds; and (2) the Amended Order Granting in Part and Denying in Part Trustee's Motion for an Order Authorizing Release of Funds. (*See Reconsideration Motion,* pg. 1.) For the reasons that follow, the Reconsideration Motion is denied.

**I. Statement of Facts and Procedural Background**

On or about May 8, 2006, the Trustee of this Chapter 7 bankruptcy estate filed an "Application For An Order Authorizing Release of Funds" (hereinafter "Trustee Application"). The funds sought per the Trustee Application are held in an escrow account created in connection with a dispute concerning a lien asserted by the Internal Revenue Service (hereinafter "IRS"). (*Trustee Application* ¶ 10.) The tax escrow account amounts to $330,000. (*Id.* ¶ 11.) The IRS has filed a timely proof of claim in the amount of $244,749.45 – which is entirely secured by the escrow fund. (*See Memorandum In Support Of The United States Motion for Reconsideration,* pg. 1) (hereinafter "Reconsideration Memorandum"). The Trustee seeks the release of $126,774.74, which represents the amount held in excess of the IRS's secured claim, plus the amount of the IRS's penalties which are subordinate to all other claims pursuant to 11 U.S.C. § 726(a)(4). (*Trustee Application,* pg. 3.) The United States filed a response agreeing that the total sum of $126,142.49 should be released to the estate, but disagreeing that $632.05, to which the IRS claimed a right of setoff, should be released to the estate. (*See United States Response to Trustee's Motion For An Order Authorizing Release Of Funds*, May 30, 2006, pg. 2.)

On May 15, 2006, GreenPoint Mortgage Funding, Inc. (hereinafter "GreenPoint") and MortgageIT, Inc. (hereinafter "MortgageIT") (hereinafter collectively the "Secured Parties") filed an objection to the Trustee Application. The crux of the objection was that the IRS's secured claim needed to be fixed and paid, in the first instance, from the escrow held by the Trustee for tax liabilities. (*See Objection To Motion For Reconsideration Of Tax Escrow Order*, ¶ 4) (hereinafter "SP Objection"). On May 16, 2006, the Trustee's counsel and counsel for the Secured Parties appeared at the scheduled hearing in connection with the Trustee Application (hereinafter the "May 16th Hearing"). The IRS failed to appear at the May 16th Hearing. After oral argument, the Court continued the matter to May 31, 2006. (*SP Objection,* ¶ 5.)

On May 30, 2006, the IRS filed a response to the Trustee Application. (*Id.* ¶ 6.) On May 31, 2006 (hereinafter the "May 31st Hearing"), the Trustee's counsel and counsel for the Secured Parties appeared at

Page 3
July 19, 2006

the adjourned hearing for the Trustee Application, but again the IRS did not appear. (*Id.* ¶ 7.) The United States asserts that no appearance was required at the hearing scheduled for May 31, 2006, as the trustee and the United States were in agreement as to the amount to be released to the estate. (*See Reconsideration Memorandum*, ¶ 3.)

At the conclusion of the May 31st Hearing, the Court continued the matter to June 13, 2006 (hereinafter the "June 13th Hearing"). (*SP Objection,* ¶ 7.) On June 6, 2006, Trustee's counsel submitted a letter to the Court which, *inter alia*, discussed the Trustee Application and the Secured Parties' Objection. The IRS was copied on the letter. (*Id.* ¶ 8.) During the week of June 5, 2006, counsel for GreenPoint contacted counsel for the United States to determine whether the IRS could provide assurances that they would not amend their proof of claim. Counsel responded that the IRS could not give assurances that the claim would not be amended. GreenPoint's counsel followed up by asking whether the IRS could give assurances that it would not amend the claim or, at least, assurances that the claim would not be amended to an amount more than ten or twenty thousand dollars from the amount reflected on the claim. (*Reconsideration Memorandum,* ¶ 4.) Thereafter, the IRS contacted counsel for the United States explaining that the IRS was almost certain that it would not amend the secured claim. Counsel for the United States apprised GreenPoint's counsel of the conversation with the IRS. (*Id.* ¶ 5.)

On June 12, 2006, the IRS gave its assurance that the secured claim would not be amended. Counsel for the IRS immediately contacted GreenPoint's counsel to notify him that the IRS agreed that the secured claim would not be amended and that this matter was resolved. GreenPoint's counsel explained that he would send a proposed Order to that effect. Counsel for the IRS requested that the proposed Order be sent immediately as counsel had to depart her office by noon. (*Id.* ¶ 6.) The proposed Order was forwarded but included objectionable language that the liens of the IRS would be discharged. (*Id.* ¶ 7.) Counsel for the IRS explained that the Order should include only the matters discussed, no amendments to the secured claim, and no new matters, such as the discharge of the IRS's liens. (*Id.* ¶ 8.) Counsel for the IRS did not attend the hearing the following day, on June 13, 2006. (*Id.* ¶ 9.) The Trustee's counsel and counsel for the Secured Parties did appear at the third hearing on the Trustee Application. (*SP Objection,* ¶ 9.)

Following the June 13th Hearing, the Court entered an Order granting in part and denying in part the Trustee's motion for an order authorizing release of funds. On June 14, 2006, the Court entered another Order amending the Order of the previous day. (*SP Objection,* ¶ 10.) The June 14th Order authorized the Trustee to release $126,142.49 to the Debtor's estate. This amount represented the difference between the IRS's secured claim and the amount in the tax escrow account, namely, $85,250.54, and the amounts claimed by the IRS as due for penalties not subject to set off by the IRS, $40,891.95. (*See* Order of June

Page 4
July 19, 2006

14, 2006, *Amended Order Granting In Part And Denying In Part Trustee's Motion For An Order Authorizing Release Of Funds,* ¶ 2) (hereinafter "Amended June 14th Order"). This Order further provided that:

> "From the Tax Escrow, the Trustee shall pay the IRS not more than 203,857.51 (the "Remaining Escrow") in full satisfaction of the Secured Claim and Setoff Claim; <u>provided, however</u>, the Trustee reserves his right to pay the IRS less than $203,857.71 in the event (x) the IRS and Trustee agree that the remaining Secured Claim is less than $203,857.71 or (y) the Court orders that the remaining Secured Claim is less than $203,857.71. [Emphasis in the original.] (*Amended June 14th Order,* ¶ 4.)

Furthermore, the Amended June 14th Order also provided that the IRS's liens will be satisfied solely from the tax escrow account, and that once the funds were paid to the IRS from the tax escrow account the IRS's liens would be deemed fully satisfied and discharged. (*Reconsideration Memorandum,* ¶ 10.)

On June 22, 2006, the IRS filed the Reconsideration Motion. Specifically, the IRS asserts a right to fully collect on the liability owed by the Debtor and requests that the Court allow it to collect the accrued interest on its secured claim. (*Reconsideration Memorandum,* ¶ 12.) The IRS seeks an order directing the Trustee to pay from the assets of the estate any accrued interest until the secured claim is fully paid. (*Id*. at 3.) Furthermore, the IRS requests that the Court direct that the trustee shall provide for all accrued interest on the IRS's secured claim until the claim is paid in full; and the IRS's liens filed against Debtor will not be discharged until the secured claim is paid in full, including accrued interest. (*Id.*)

Based on this factual and procedural background the Court turns to its conclusions of law.

**II. Standard for Motion for Reconsideration.**

There is a well known standard in this Circuit for a motion for reconsideration to be successful. A court should grant a motion for reconsideration when the moving party shows one of three circumstances: 1) there is newly available evidence; 2) there is a need to correct a clear error of law or prevent manifest injustice; and 3) there is an intervening change in the controlling law. *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 182 (Bankr. D.N.J. 2002) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A bankruptcy court has discretion to either grant or deny a moving party's motion for reconsideration. *In re Christie*, 222 B.R. 64, 68 (Bankr. D.N.J. 1998)(citation omitted).

Page 5
July 19, 2006

In determining whether to grant a motion for reconsideration, a court must take several guiding principles into consideration. In satisfying its burden of demonstrating the need for reconsideration, the moving party must set forth "'concisely the matters or controlling decisions which the counsel believes the court has overlooked.'" *In re Christie*, 222 B.R. at 67 (quoting *Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.,* 825 F. Supp. 1216, 1219 (D.N.J. 1993)). A motion for reconsideration cannot be used as a "'vehicle to reargue the motion or to present evidence which should have been raised before.'" *Id*. at 68 (quoting *Database*, 825 F. Supp. at 1220). That is, a motion for reconsideration should not provide the parties with an opportunity for a "second bite at the apple." *Id.* at 67 (citing *Database*, 825 F. Supp. at 1220). Further, the moving party must show more than "'mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decision.'" *Id.* at 68 (quoting *Database*, 825 F. Supp. at 1220).

A motion for reconsideration will only be granted if the moving party has provided the court with dispositive factual matters or controlling decisions of law which were overlooked. *In re Engel*, 190 B.R. 206, 211-12 (Bankr. D.N.J. 1995), aff'd, 124 F.3d 567 (3d Cir. 1997). A reconsideration motion is inappropriate to be used to reargue positions previously made or to otherwise ask the court to rethink issues already considered, rightly or wrongly. *Id.* at 212 (citing *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826 (D.N.J. 1992)). Finally, a motion for reconsideration is an extraordinary remedy that should be used "sparingly" and limited to exceptional circumstances. *In re Christie*, 222 B.R. at 68 (citing *Lony v. E.I. DuPont de Nemours & Co.*, 935 F.2d 604, 608 (3d Cir. 1991)).

As both the Secured Parties and the Trustee correctly point out in their objections and opposition to the Motion for Reconsideration, the United States fails to assert dispositive factual matters or controlling legal arguments to meet the high standard required for a motion for reconsideration to be successful. The United States fails to put forth any arguments, or even assertions, that there is either newly available evidence, a need to correct a clear error of law, or an intervening change in the controlling law.

Rather, the United States contends that a manifest injustice will occur if the IRS does not fully collect the accrued interest on its secured claim from the Debtor's bankruptcy estate. However, the IRS was given full opportunity to be heard regarding its position at three separate hearings, on May 16, 2006, on May 31, 2006 and June 13, 2006. The Secured Parties filed their objection to the Trustee Application with this Court on May 15, 2006, and thereafter the Trustee and the Secured Parties's counsel were in conversations with the United States's counsel to resolve the Secured Parties's objections to the Trustee Application. That this Court's Order and amended Order provided that the IRS's liens will be satisfied solely from the tax escrow account, and that once the funds are paid to the IRS from the escrow account the IRS's liens would be deemed satisfied and discharged does not rise to the level of a manifest injustice given the many opportunities

Page 6
July 19, 2006

to be heard. The IRS had full opportunity to object and be heard both during argument and in pleadings if it sought interest on its secured claim. The obvious purpose of the Secured Parties' objection was to fix the secured claim so the amount of funds available to the Estate would be finally determined. If the IRS sought interest, it should have made this issue known.

Finally, to the extent that the IRS is seeking a judicial determination that it is entitled to interest on a secured claim pursuant to 11 U.S.C. §506(b), that determination can be made by way of the claims resolution process. Such relief is not appropriate on a motion for reconsideration. Therefore, for all of the foregoing, the Motion For Reconsideration of this Court's June 13, 2006 and June 14, 2006 Orders is hereby denied.

An Order in conformance with this Opinion has been entered by the Court and a copy is attached..

Very truly yours,

s/  **Donald H. Steckroth**

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure