**NOT FOR PUBLICATION**

> **FILED**
> JAMES J. WALDRON, CLERK
>
> **OCT. 17, 2007**
>
> U.S. BANKRUPTCY COURT
> NEWARK, N.J.
> BY: s/ Ronnie Plasner, DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>**NJ AFFORDABLE HOMES CORP.**,<br><br>　　　　　　　　　Debtor. | Case No.:  05-60442 (DHS)<br><br>Judge: Donald H. Steckroth, U.S.B.J. |

**OPINION**

**APPEARANCES:**

Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein
Lindsey H. Taylor, Esq.
5 Becker Farm Road
Roseland, New Jersey 07068
***Counsel for Irrevocable Trust FBO Goldie Keitz, Beverly Keitz, Stuart Keitz and Lois S. Perlman***

Goldstein Isaacson, PC
Nancy Isaacson, Esq.
Paul Pflumm, Esq.
100 Morris Avenue, 3rd Floor
Springfield, New Jersey 07081
***Counsel for John Koenigshof, Kimberly Koenigshof, Beverly Koenigshof, John Fisher, Robert Rosa, Robert Rosa Trust, Betty Rosa, Betty Rosa Trust, Robert Rosa ITF Melissa Rosa, Melissa Rosa, Olga Diamond, John Alshuler, and Clifford Hunt***

Forman Holt Eliades & Ravin LLC
Harry M. Gutfleish, Esq.
218 Route 17 North
Rochelle Park, New Jersey 07662
***Counsel for Charles M. Forman, Chapter 7 Trustee for NJ Affordable Homes Corp.***

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before this court is a motion on shortened time requesting a stay pending appeal of this Court's September 13, 2007 Order approving the chapter 7 Trustee's settlements with certain institutional lenders (hereinafter "Lenders") filed by two groups of creditors: (i) Irrevocable Trust FBO Goldie Keitz, Beverly Keitz, Stuart Keitz, and Lois S. Perlman and (ii) John Alschuler, John Koenigshof, Kimberly Koenigshof, Beverly Koenigshof, John Fisher, Robert Rosa, Robert Rosa Trust, Betty Rosa, Betty Rosa Trust, Robert Rosa ITF Melissa Rosa, and Melissa Rosa (hereinafter "Objectors"). The Trustee filed opposition to the motion.

## Statement of Facts and Procedural History

On January 12, 2006, the Trustee filed a motion seeking authorization to sell approximately 400 properties titled in the names of the Debtor and various investors. On April 17, 2006, after several hearings, the Court entered an Order granting in part the Trustee's motion authorizing the sale of approximately 150 properties ("First Sale Order") and authorizing the retention of a Joint Venture comprised of DJM Asset Management, LLC and Sheldon Good & Company Auctions NorthEast, LLC ("Joint Venture") to market and sell the properties in accordance with the First Sale Order ("Retention Order"). The Court also entered an Order ("Financing Order") authorizing the Trustee to borrow up to $500,000 from the Joint Venture to finance the sale and granted a superpriority lien on all of the properties covered by the First Sale Order. No appeals were filed with respect to these three orders.

On June 29, 2006, the Court entered an order authorizing the Trustee to sell properties titled to the investors and in which the Lenders asserted mortgage interests, including but was not limited to the Second Sale Properties, which are those identified in the settlements ("Second Sale Order").

On July 19, 2006, this Court entered a Supplemental Order authorizing the sale of additional properties ("Supplemental Sale Order") and on August 10, 2006, this Court entered an Order extending the superpriority liens granted to the Joint Venture on all of the properties covered by the these Orders ("Supplemental Financing Order") . The Objectors did not appeal any of the aforesaid orders.

The Lenders filed appeals of the Second Sale Order and the Supplemental Financing Order and on September 25, 2006, Judge Jose L. Linares of the United States District Court for the District of New Jersey entered an Order staying the Trustee's proposed sale of the Second Sale properties and additional properties.

The Trustee subsequently filed approximately 230 adversary proceedings seeking (i) declaratory judgment that the Debtor was the true owner of the properties and (ii) judgment avoiding the Lenders' mortgage liens. Furthermore, in criminal actions in the United States District Court for the District of New Jersey, several former employees of the Debtor pleaded guilty to wire fraud and conspiracy to commit wire fraud related to the Debtor's transactions with institutional lenders.

The Trustee and the Lenders engaged in more than six months of mediation to resolve the numerous matters before this Court and the appeals pending in the District Court. The parties ultimately reached a global settlement and on August 7, 2007, the Trustee filed a motion seeking approval of the proposed settlement with the Lenders. The settlement, *inter alia*, provided for the following: (i) authorization for the Trustee to sell the Second Sale Properties using the Joint Venture; (ii) Lenders' payment of $20,000 to the bankruptcy estate for each property sold; (iii) dismissal of the relevant adversary proceeding in consideration for the $20,000 paid by each Lender if prior recorded liens remain unresolved; (iv) release of respective claims by and between the

Trustee and the Lenders; and (v) obtaining of releases by the investors for debts related to mortgages on the Second Sale Properties in return for mutual releases to the Lenders and releases of their interest in the said properties.

On September 13, 2007, the Court issued an Opinion and entered an Order approving the settlements. This Opinion and Order addressed approval of the entire settlement reached, not simply the sale of particular properties. The settlement is much more inclusive of relevant issues. On September 20, 2007, the Court entered an Order authorizing the continued use of the Joint Venture and granting a first priority lien on settlement payments ("Continued Retention Order"). The Objectors did not appeal the Continued Retention Order. On September 18, 2007, the pending appeals in the District Court were dismissed and the Second Sale Order now remains final and binding.

On October 5, 2007, seventeen creditors, collectively referred to here as the Objectors, filed the instant motion seeking a stay pending appeal. Notably, the Objectors do not have interest in the properties to be sold pursuant to the Second Sale Order. They argue they will likely succeed on the merits of the appeal of the September 13, 2007 Order because there is no evidence to determine whether the settlement will confer a benefit to the bankruptcy estate and that the Court approved the settlement despite the Trustee's failure to provide necessary information, such as individual appraisals of the properties, to determine whether the settlement is in the best interest of the creditors. The Objectors contend that the "sizeable" sum the estate will receive will not be distributed to the unsecured creditors as the Joint Venture's loan and Trustee's administrative expenses will consume a significant portion of the sum. The Objectors disagree with the Court's reliance upon *res judicata* claiming that the terms included in the Settlement Motion are different

5

than those included in the Court's Order approving the auction and, therefore, the issues have not been previously litigated and decided. The Objectors further allege that they will be irreparably harmed if a stay pending appeal is not granted because their appeal will be rendered moot if the auction and sale occur during the appeal's pendency. Lastly, the Objectors claim that the Trustee, Lenders, and the public interest will not suffer any harm if the stay is granted because the stay will simply maintain the status quo created by the Lenders' own stay pending appeal.

On October 15, 2007, the chapter 7 Trustee filed opposition arguing as a result of the Objectors' failure to appeal the Second Sale Order, which is now binding: (i) the Settlement Order may not be overturned to contradict the Second Sale Order; (ii) the Objectors failed to identify the applicable standards of review; (iii) the Objectors failed to comply with Bankruptcy Rule 8006; (iv) the Objectors failed to identify any mistake of law; (v) failed to argue abuse of discretion; and (vi) failed to prove irreparable harm. Several institutional lenders also filed brief oppositions making arguments reiterating arguments made by the Trustee.

For the reasons that follow, the Objectors' motion for a stay pending appeal is hereby denied. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

### Discussion

In accordance with Federal Rule of Bankruptcy Procedure 9019, a bankruptcy court may approve a compromise or settlement after notice and hearing is provided in compliance with Federal Rule of Bankruptcy Procedure 2002. FED. R. BANKR. P. 9019(a). The moving party, here the

Trustee, bears the burden of proving a proposed settlement is in the best interests of the estate and the debtor. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 804 (E.D. Pa. 1986). Approval of a settlement is within the discretion of the bankruptcy court where the court must analyze:

> (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors.

*Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citation omitted); *see Will v. Northwestern Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d. Cir. 2006) (quoting *In re Martin*, 91 F.3d at 393). However, this discretion does not extend to where the bankruptcy court's judgment is substituted to that of the trustee. *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R. at 803. In approving a settlement, a bankruptcy court must determine whether the settlement is "fair and equitable" to those not party to the settlement. *In re Nutraquest*, 434 F.3d at 645 (citation omitted).

Once approved, a clear abuse of discretion must be shown to alter the settlement on appeal. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. at 803 (citations omitted). As a deferential standard of review, an abuse of discretion requires "a definite and firm conviction that the court . . . committed a clear error of judgment in the conclusion it reached . . . ." *In re Nutraquest*, 434 F.3d at 645 (quoting *In re Orthopedic Bone Screw Prods. Liab. Litig.,* 246 F.3d 315, 320 (3d Cir. 2001)). Specifically, the appellant must demonstrate an erroneous finding of fact, conclusion of law or application of law to fact. *Id.*

Currently before this Court is a motion for a stay pending appeal of an Order approving a Trustee's settlement. The grant or denial of a stay pending appeal is governed by Federal Rule of Bankruptcy Procedure 8005, which provides in relevant part as follows:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

FED. R. BANKR. P. 8005.

In order to determine whether to grant a stay pending appeal, a bankruptcy court must consider the following four factors: (i) whether the movant is likely to succeed on the merits of the appeal; (ii) whether the movant will suffer irreparable injury if the stay is not granted; (iii) whether a stay would substantially harm other parties in the litigation; and (iv) whether a stay is in the public interest. *Family Kingdom, Inc. v. EMIF N.J. Ltd. P'ship (In re Family Kingdom, Inc.)*, 225 B.R. 65, 69 (D.N.J. 1998) (citations omitted); *see also Republic of the Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991).

To obtain a stay pending appeal, the moving party must establish all four factors. *Camden Ordnance Mfg. Co. of Ark., Inc. v. U.S. Tr. (In re Camden Ordnance Mfg. Co. of Ark., Inc.)*, 238 B.R. 292, 293 (E.D. Pa. 1999) (citation omitted); *In re The Columbia Gas Sys., Inc.*, 1992 U.S. Dist. LEXIS 3253, at *3-4 (D. Del. March 10, 1992) (citation omitted); *see also Coast Cities Truck Sales, Inc. v. Navistar Int'l Transp. Co. (In re Coast Cities Truck Sales, Inc.)*, 147 B.R. 674, 676 (D.N.J. 1992) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990) (citing *Ecri v. McGraw-Hill, Inc.*, 809 F.2d. 223, 226 (3d Cir. 1987))). Further, the decision to grant a stay pending appeal lies within the discretion of the bankruptcy court. *Am. Training Servs., Inc. v. The Veterans Admin. (In re Am. Training Servs., Inc.)*, 434 F. Supp. 988, 990 n.3 (D.N.J. 1977)

(citation omitted); 10 COLLIER ON BANKRUPTCY ¶ 8005.07 (Alan N. Resnick & Henry J. Sommer eds.,15th ed. rev.). This Court will consider the four factors for issuing a stay pending appeal in seriatim.

The Objectors are unlikely to succeed on appeal. They argue a complete lack of evidence in the record to support the settlement. However, the Trustee correctly highlights the Court's reliance upon the entirety of the record in this case. *See In re Neshaminy Office Bldg. Assocs.,* 62 B.R. 798, 802 (E.D. Pa. 1986) (citation omitted). Further, the Objectors failed to append the transcript or designate the September 7, 2007 hearing on the Settlement Motion to its appellate record. Additionally, the Court issued a lengthy opinion addressing the benefits of the settlement including elimination of duplicative claims, resolution of the largest creditors' claims and emphasizing that the settlement is the most economic alternative available as opposed to the Objectors' request for abandonment which would, without question, result in a significant loss to the estate.

The Objectors will not suffer irreparable harm if their motion for a stay pending appeal is denied. The Objectors aver that the settlements might eliminate the ability of the unsecured creditor class to recover on its claims. The settlement is with the largest creditor class that holds allowed claims and would be paid in accordance with the provisions of the Bankruptcy Code. The Trustee has begun offering releases to the individual investors and the Joint Venture has already scheduled the auction sale of the Second Sale Properties and additional properties listed in the Supplemental Financing Order for November 1-2, 2007. Further delay will cause harm to the investors and the estate.

Granting a stay pending appeal will harm the majority of other parties and the public interest. As noted above, delaying the settlement process eliminates releases being given by the Trustee and

the Lenders to many of the individual investors. Further, as the current real estate market is in flux, maintaining the status quo is not acceptance since the property value and the properties themselves will continue to deteriorate resulting in further harm to the estate, the other parties and the public interest.

## Conclusion

For the foregoing reasons, the Objectors' motion for a stay pending appeal is denied. An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

/s/ *Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: October 17, 2007