**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

December 5, 2007

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY:  s/ Zelda Haywood  DEPUTY

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

In Re:

NJ AFFORDABLE HOMES CORP.,

　　　　　　　　　Debtors.

Case No.:   05-60442 (DHS)

Judge: Donald H. Steckroth, U.S.B.J.

**OPINION**

**APPEARANCES:**

Forman Holt Eliades & Ravin LLC
Harry M. Gutfleish, Esq.
218 Route 17 North
Rochelle Park, New Jersey 07662
***Counsel for Charles M. Forman, Chapter 7***
***Trustee for NJ Affordable Homes Corp.***


Norris, McLaughlin & Marcus
Alison L. Galer, Esq.
721 Route 202-206
Bridgewater, New Jersey 08807
***Counsel for Washington Mutual Bank***


Teich Groh
Brian W. Hofmeister, Esq.
691 State Highway 33
Mercerville
Trenton, New Jersey 08619-4492
***Counsel for Peter Gonzalez, Melvyn Barenholtz,***
***and Mark A. Cammisa***


Rubin, Ehrlich & Buckley
Robert L. Grundlock, Jr., Esq.
731 Alexander Road
Princeton, New Jersey 08540
***Counsel for First American Title Insurance***
***Company***

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before this Court is a motion filed by Charles M. Forman, Chapter 7 Trustee (hereinafter "Trustee") for New Jersey Affordable Homes Corporation (hereinafter "Debtor") seeking an Order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving a proposed settlement with First American Title Insurance Company (hereinafter "First American") with respect to forty-five (45) properties (hereinafter "Settlement Properties") and to thereafter abandon said properties pursuant to Section 554(a) of the Bankruptcy Code. Washington Mutual Bank cross-moved for relief from the automatic stay with respect to the Settlement Properties.

For the reasons stated hereafter, the Trustee's motion to approve the proposed settlement is granted and Washington Mutual's cross-motion for relief from the automatic stay is therefore rendered moot. The Court has jurisdiction pursuant to 28 U.S.C. § 1334, and the December 5, 2005 Order of Reference from the United States District Court for the District of New Jersey. These matters are core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(A), (M), (N) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## Statement of Facts and Procedural History

On September 13, 2007, this Court approved the Trustee's settlements with several institutional lenders including Washington Mutual which allowed the Trustee to sell 134 properties. At that time, Washington Mutual refused to include forty-five (45) properties in the settlement on which it asserts mortgage liens. These mortgage interests were insured by First American. First American contends that it encouraged Washington Mutual to include these Settlement Properties in the first instance and thereafter negotiated with Washington Mutual to no avail. The Trustee and First American then began the negotiations that resulted in the proposed settlement before the Court.

3

On November 13, 2007, the Trustee filed the instant motion seeking approval of the settlement with First American. The terms of the proposed settlement include: (i) First American will pay $20,000.00 per Settlement Property in consideration for the Estate's release of claims to such properties; (ii) the Estate will retain its claims against Washington Mutual and others related to the Settlement Properties; (iii) the Trustee will offer mutual releases to the nominee title holders; (iv) the Trustee will dismiss the Fourteenth Count of each of the adversary complaints filed in which the Trustee is seeking a declaratory judgment that the Estate is the true owner of the property; and (v) the Trustee will assign to First American all interests in the Settlement Properties received by the Estate under consent judgments and mutual releases obtained from any other party than Washington Mutual. However, the Trustee preserves its claims against Washington Mutual with respect to the Settlement Properties.

Upon approval of the settlement, the Trustee requests authorization to abandon the Settlement Properties pursuant to Section 544(a) of the Bankruptcy Code. The settlement will provide the Estate with consideration in the amount of $900,000.00 for its waiver of claims as to these properties. The Trustee further seeks that such abandonment be effective as of the Petition Date, November 22, 2005.

On November 29, 2007, Peter Gonzalez, Melvyn Barenholtz and Mark A. Cammisa (collectively "Property Owners") filed a joint letter in opposition arguing that: (i) the settlement is not favorable and equitable to them; (ii) this settlement was negotiated without their participation; (iii) as part of the settlement, the Trustee proposes to abandon his interests in the Settlement Properties which would allow Washington Mutual to pursue foreclosure proceedings against the

Property Owners; and (iv) objecting to any relief from the automatic stay sought by Washington Mutual.

On the same day, Washington Mutual filed a limited objection to the Trustee's motion and a cross-motion for relief from the automatic stay. Washington Mutual argues that they were not included in the negotiation of this settlement, which it alleges is a vehicle for its insurer, First American, to avoid its contractual obligations to Washington Mutual. Washington Mutual also contends that other institutional lenders with whom the Trustee has settled received releases from liability, while with the proposed settlement, the Trustee seeks to preserve all claims against Washington Mutual in exchange for the settlement payout with First American. With respect to the abandonment of the Settlement Properties, Washington Mutual opposes the Trustee's request to have the abandonment relate back to the date of the commencement of the case, and instead argues that the effective date should be the date of entry of the Order by this Court. Lastly, Washington Mutual cross-moved for relief from the automatic stay.

On November 30, 2007, the Trustee responded arguing that the objections to the motion did not demonstrate a sufficient basis for denial as no legal argument was presented. On that same day, First American filed a response in which it argued that they were willing to pay nine hundred thousand dollars ($900,000) to settle with the Trustee and that it fully supports the Trustee's application. Specifically, First American explained that its efforts to settle with Washington Mutual had been futile leading to the direct settlement negotiations with the Trustee and that this settlement would allow Washington Mutual to foreclose on the Settlement Properties.

**Discussion**

A. **Approval of Proposed Settlement between the Trustee and First American Title Insurance Company**

Federal Rule of Bankruptcy Procedure 9019 governs compromises to which a trustee in bankruptcy is a party. A bankruptcy court may approve a compromise or settlement on motion of a trustee after notice and hearing as provided in Federal Rule of Bankruptcy Procedure 2002. FED. R. BANKR. P. 9019(a). A trustee bears the burden to show that a proposed settlement is in the best interests of the estate and the debtor. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 804 (E.D. Pa. 1986) ("[T]o meet its burden the trustee must establish that the proposed compromise is in the best interests of the estate. In this case, the trustee has not presented sufficient evidence for a court to conclude that the compromise is in the [debtor's] best interest."). In assessing the best interest to the debtor, the Court must look to the consideration for settlement. *Id.* This analysis pits the value of rights relinquished by the debtor versus the value received in return. *Id.* In determining whether to approve a proposed settlement, a court is permitted to "'take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom.'" *Id.* at 802 (citation omitted); *see* FED. R. EVID. 201.

Approval of a compromise under Rule 9019 is within the discretion of the bankruptcy court. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. at 803. However, a court cannot sustain an objection to the settlement while granting the motion to approve the settlement. *See generally ReGen Capital III, Inc. v. Official Comm. of Unsecured Creditors (In re Trism, Inc.)*, 282 B.R. 662, 666-68 (B.A.P. 8th Cir. 2002). "In so doing, the court changes the essential terms of the proposed settlement and violates the purpose and spirit of Federal Rule of Bankruptcy Procedure 9019 or decides issues not necessary.

. . ." *Id.* at 667.  Instead, the court's limited role is to determine whether the settlement should be approved or disapproved as proposed.  *See generally id.* at 662.

"To minimize litigation and expedite the administration of a bankruptcy estate 'compromises are favored in bankruptcy.'"  *In re Martin*, 91 F.3d at 393 (citing 9 COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed. rev. 1993)).  A Court must carefully examine a proposed settlement in considering whether to approve it.  *Will v. Northwestern Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006) (citing *see In re Martin*, 91 F.3d at 393 (other citation omitted)).  In determining whether to approve a settlement, the court must analyze:

> (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors.

*In re Martin*, 91 F.3d at 393 (citing *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. at 803); *see In re Nutraquest, Inc.*, 434 F.3d at 644 (quoting *In re Martin*, 91 F.3d at 393).

Furthermore, the Third Circuit has found that:

> In determining whether to approve the trustee's application to settle a controversy, the Bankruptcy Court does not substitute its judgment for that of the trustee.  'Nor is the court 'to decide the numerous questions of law and fact raised by [objections] but rather to canvass the issues to see whether the settlement fall[s] below the lowest point in the range of reasonableness."

*In re Neshaminy Office Bldg. Assocs.*, 62 B.R. at 803 (citations omitted).  Stated otherwise, it is not a court's role to substitute its own discretionary judgment for that of a trustee.  Instead, a court must determine whether the trustee has not settled too cheaply or compromised too much.

"It is axiomatic that settlement will almost always reduce the complexity and inconvenience of litigation."  *In re Nutraquest, Inc.*, 434 F.3d at 646 (citing *Protective Comm. for Indep.*

7

*Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 434 (1968) (superseded by statute on other grounds) ("Litigation and delay are always the alternative to settlement, and whether that alternative is worth pursuing necessarily depends upon a reasoned judgment as to the probable outcome of litigation.")). Balancing the complexity and delay of litigation with the benefits of settlement is part in parcel of the probability-of-success-in-litigation factor. *In re Nutraquest, Inc.*, 434 F.3d at 646 (citation omitted).

Here, considering the *Martin* factors and the relevant Third Circuit case law, it is abundantly clear that this settlement is in the best interest of the Estate and the creditors. The proposed settlement will net the Estate $20,000.00 per Settlement Property, totaling $900,000.00 for the forty-five (45) properties at issue. That value represents significant consideration to the Estate in exchange for releasing claims which may eventually have no value since there is no equity remaining in the properties as the appraised value is far below the mortgage amount. While the Trustee concedes that he cannot guarantee success or conclusion to all of the underlying adversary litigations in this matter, this settlement allows the Estate to recover proceeds from the Settlement Properties that will most likely exceed the value that might be obtained after an eventual sale. In addition, the Court is charged with determining the settlement's reasonableness, and here, there is no question that a recovery of $900,000.00 is far more beneficial than the possibility of zero recovery plus accumulation of large professional fees to pursue the litigation. *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R. at 803 (citations omitted). Thus, the uncertainty and the expense of the litigation in this case, the stoppage of continued management of these Settlement Properties, and the deterioration of the real estate market clearly push the *Martin* factors in favor of approving this

proposed settlement between the Trustee and First American. For these reasons, the Trustee's motion to approve the proposed settlement with First American is hereby granted.

**B.      Authorization for the Trustee's Abandonment of the Settlement Properties**

Upon approval of the proposed settlement, the Trustee also requests authorization to abandon the Settlement Properties pursuant to Section 554(a) and to make the abandonment effective as of the date of the Petition. Section 554(a) provides, "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a) (2007). The Trustee bears the burden of proof on whether the property should be abandoned. *See State of New Jersey Dep't of Envtl. Prot. v. Atkinson (In re St. Lawrence Corp.)*, 248 B.R. 734, 740 (D.N.J. 2000). Upon the Trustee's demonstration that abandonment is proper, the property ceases to be property of the estate and "[i]t reverts *nunc pro tunc* to the debtor or whoever had the possessory right to the property when the bankruptcy petition was filed, and stands as though no bankruptcy petition was ever filed." *In re Guterl Special Steel Corp.*, 316 B.R. 843, 861 (Bankr. W.D. Pa. 2004) (citing *Dewsnup v. Timm (In re Dewsnup)*, 908 F.2d 588, 590 (10th Cir. 1990) *aff'd*, 502 U.S. 410 (1991)); *see In re Fields*, 2006 Bankr. LEXIS 4090, at *4 (Bankr. D.N.J. October 24, 2006). "Because property abandoned by the trustee is no longer property of the estate, the automatic stay under [section] 362(a) terminated by operation of law." *In re Fields*, 2006 Bankr. LEXIS 4090, at *4-5 (citing *In re Boland*, 275 B.R. 675, 678 n.5 (Bankr. D. Conn. 2002).

Here, the Trustee demonstrated that there is no equity in the Settlement Properties and entered into the proposed settlement to amass significant consideration for the Estate and the creditors.  Upon releasing its claims to the Settlement Properties, the Trustee no longer retains an

9

interest in the Settlement Properties and has demonstrated that these properties no longer provide value or benefit to the Estate. Therefore, the Trustee has met its burden of proving that abandonment is proper and this Court authorizes the Trustee's request to abandon the Settlement Properties and the effective date will relate back to the petition date, November 25, 2005. Furthermore, the automatic stay is terminated by operation of law upon the abandonment, thus, Washington Mutual's cross-motion for relief from stay is therefore moot.

### **Conclusion**

For the reasons stated above: (i) the Trustee's motion seeking approval of the proposed settlement with First American Title Insurance Company is hereby granted; (ii) the Trustee is authorized to abandon the Settlement Properties; and (iii) Washington Mutual Bank's cross-motion for relief from the automatic stay is hereby declared moot.

An Order has been entered by the Court and a copy is attached hereto.

/s/ *Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: December 5, 2007